## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL VALDEZ, KIM DRESSEL, DRESSEL
CONSTRUCTION, INC., FREDDIE SUE
GATEWOOD, MARY JO VAUGHN, and
MARCUS PERKINS,

       Plaintiffs,

       v.                                 No. CIV 11-0507 JB/KBM

METROPOLITAN PROPERTY & CASUALTY
INSURANCE COMPANY, COLORADO
CASUALTY INSURANCE COMPANY a
subsidiary of LIBERTY MUTUAL INSURANCE
COMPANY, PACIFIC INDEMNITY INSURANCE
COMPANY, TRAVELERS INSURANCE COMPANY,
d/b/a THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY, 21st CENTURY
INSURANCE COMPANY, AMICA MUTUAL INSURANCE
COMPANY, and DESERT MOUNTAIN AGENCY,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Motion to Stay Briefing on Motion to

Dismiss Pending Resolution of Motion to Remand, filed June 24, 2011 (Doc. 54)("Motion to Stay

Desert Mountain"); and (ii) the Motion to Stay Briefing on Defendant Pacific Indemnity Insurance

Company's Motion for Summary Judgment or Extend Briefing Schedule Pending Resolution of

Plaintiffs' Motion to Remand, filed October 28, 2011 (Doc. 87)("Motion to Stay Pacific

Indemnity").  The Court held a hearing on March 7, 2012.  There are three pending motions to

dismiss.  <u>See</u> Motion of Defendant Desert Mountain Agency to Dismiss Plaintiffs' Complaint, filed

June 17, 2011 (Doc. 37)("Desert Mountain Motion to Dismiss"); Motion of Defendant Travelers

Home and Marine Insurance Company to Dismiss Plaintiffs' Complaint, filed June 17, 2011 (Doc.

40)("Travelers Motion to Dismiss"); Defendant Colorado Casualty Insurance Company's Motion
to Dismiss, filed June 17, 2011 (Doc. 44)("Colorado Motion to Dismiss").  Defendant Pacific
Indemnity Insurance Company also has pending the Defendant Pacific Indemnity Insurance
Company's Motion for Summary Judgment, filed October 4, 2011 (Doc. 85)("Motion for Summary
Judgment").  The primary issue is whether the Court should stay its decisions on the motions to
dismiss and for summary judgment before deciding the Plaintiffs' Memorandum Motion to Remand
to State Court for Lack of Federal Jurisdiction, filed June 24, 2011 (Doc. 55)("Motion to Remand").
Because the Court committed to deciding the Motion to Remand before it decides the motions to
dismiss or for summary judgment, and because there is no sound reason for the Plaintiffs to delay
briefing on these motions -- which would need to be decided whether the case remained in federal
court or whether the Court remanded the case to state court -- the Court will deny the Motion to Stay
Desert Mountain and Motion to Stay Pacific Indemnity.

The Plaintiffs argue that the Court should stay further proceedings on the Desert Mountain
Motion to Dismiss, because the Court should decide jurisdictional issues before any ruling on a
merits-based motion to dismiss.  See Motion to Stay Desert Mountain at 1.  On July 1, 2011,
Defendant Desert Mountain Agency filed its opposition to the Motion to Stay Desert Mountain and
argues that its motion to dismiss should be considered along with the Motion to Remand, because
it presents similar issues.  See Desert Mountain Agency's Memorandum of Law in Opposition to
Plaintiffs' Motion for a Stay, filed July 1, 2011 (Doc. 63).  On July 6, 2011, the Plaintiffs filed the
Plaintiffs' Reply on Motion to Stay Briefing on Motion to Dismiss or Extend Time Pending
Resolution of Motion to Remand.  See Doc. 64 ("Reply").  The Plaintiffs assert that a federal court
must first resolve any doubts about its jurisdiction before reaching the merits.  See Reply at 2.
Defendants Travelers Home and Marine Insurance Company ("Travelers Insurance") and Colorado

-2-

Casualty Insurance Company ("Colorado Casualty"), also filed motions to dismiss.  See Doc. 40; Doc. 44.  On October 28, 2011, the Plaintiffs filed their Motion to Stay Pacific Indemnity and argue that the Court should stay further proceedings on the Motion for Summary Judgment, because the Court should decide jurisdictional issues before any ruling on a merits-based motion.  See Motion to Stay Pacific Indemnity at 1.  Pacific Indemnity asserts that the Court and parties may move forward with the litigation while awaiting the Court's decision on the Motion to Remand. See Defendant Pacific Indemnity Insurance Company's Response in Opposition to Plaintiffs' Motion to Stay Briefing on Defendant Pacific Indemnity Insurance Company's Motion for Summary Judgment or Extent Briefing Schedule Pending Resolution of Plaintiffs' Motion to Remand at 4, filed November 11, 2011 (Doc. 88).  The Plaintiffs filed no written reply on the Motion to Stay Pacific Indemnity.

At the hearing, the Court indicated that it would deny the Motion to Stay Desert Mountain and Motion to Stay Pacific Indemnity, but that it would not decide any motion to dismiss until it decided the jurisdictional issues presented in the Motion to Remand.  See Transcript of Hearing at 7:3-6 (March 7, 2012)(Court)("Tr.").[1]  The Court stated that it would deny the Motion to Stay Pacific Indemnity, but not require immediate briefing on the Motion for Summary Judgment. See Tr. at 93:12-15 (Court).  At the end of the March 7, 2012 hearing, the Court set another hearing, on March 26, 2012, to hear arguments on the motions to dismiss and ordered that the Plaintiffs would have until March 22, 2012 to respond to the motions to dismiss.  See Tr. at 99:20-100:13 (Court).  On March 7, 2012, the Court entered a Minute Order giving the Plaintiffs until March 26, 2011 to respond to the motions to dismiss and setting the hearing on those motions for March 27,

_____

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

2011.  See Doc. 109.  On March 7, 2012, the Court also set a briefing schedule for the Motion on

Summary Judgment and set a hearing on that motion for May 8, 2012.  See Doc. 110.  On March

19, 2012, the Court filed its Memorandum Opinion and Order denying the Motion to Remand.  See

Doc. 113 at 1 ("MOO").

  For the reasons stated on the record and for the reasons set forth below, the Court will deny

the Motion to Stay Desert Mountain and Motion to Stay Pacific Indemnity.  The Court has issued

its decision denying the Motion to Remand.  See MOO at 1.  Accordingly, the Plaintiffs' stated

reason for staying briefing on the motions to dismiss is no longer applicable -- the Court has decided

the jurisdictional issues raised in the Motion to Remand that the Plaintiffs argue should be

determined before any decisions on the merits.  See Motion to Stay Desert Mountain at 1.  The

arguments supporting the Motion to Stay Desert Mountain are now moot.  Furthermore, the

Plaintiffs will have adequate time to brief the issues raised in the motions to dismiss.  At the hearing,

the Court ordered that the Plaintiffs should file these responses to the motions to dismiss by March

26, 2012, see Minute Order at 1, which gives the Plaintiffs seventeen days to respond.

See D.N.M.LR-Civ. 7.4 ("A response must be served and filed within fourteen (14) calendar days.").

Although the Plaintiffs' attorney, David J. Berardinelli, indicated that the Court's deadlines would

stretch his abilities because he is a solo practitioner, see Tr. at 94:8-14 (Berardinelli), the Court's

Minute Order followed and, in fact, was more generous than, the time-frame that the local rules

establish.  Mr. Berardinelli said that he would get the task done.  See Tr. at 94:25 (Berardinelli).  The

Plaintiffs also asserted that none of the Defendants were under the same time pressure to file the

motions to dismiss.  See Tr. at 95:10-14 (Berardinelli).  The Plaintiffs have, however, been aware

of the motions to dismiss since they were filed in June 2011, and filed a motion to stay briefing only

with respect to the Desert Mountain Motion to Dismiss.  Moreover, it appears to the Court that the

Plaintiffs could file one consolidated response addressing the motions to dismiss. Colorado Casualty also correctly pointed out that the Defendants faced similar time constraints, because the Federal Rules of Civil Procedure require that a defendant must file any motion to dismiss within twenty-one days of service. See Tr. at 98:9-16 (Kohls). At the hearing, Defendant Amica Mutual Insurance Company referred the Court to the Plaintiffs' Motion to Dismiss Plaintiff Marcus Perkins, filed March 6, 2012 (Doc. 108) and stated that, because Marcus Perkins is the only plaintiff with claims against Amica Insurance, the parties had discussed dismissing Amica Insurance from the case. See Tr. at 95:17-96:5 (Baker). Amica Insurance asserted that this would resolve any issues in Defendant Amica Mutual Insurance Company's Motion to Dismiss Plaintiff's [sic] Petition for Declaratory Judgment and Injunctive Relief, filed July 1, 2011 (Doc. 62), and would reduce the work that the Plaintiffs' would need to do in response to the motions to dismiss. See Tr. at 96:6-16 (Baker). The Plaintiffs agreed that the claims against Amica Insurance should be dismissed without prejudice, see Tr. at 96:19-97:12 (Berardinelli), and, on March 16, 2012, the Court dismissed Amica Insurance from the action, see Order of Partial Dismissal, filed March 16, 2012 (Doc. 112). Accordingly, the Plaintiffs potential workload was significantly reduced. See Tr. at 99:20-23 (Court).[2] Because the Court has issued its ruling on the Motion to Remand, and for the reasons indicated at the hearing, the Court will deny the Motion to Stay Desert Mountain.

With respect to the Motion to Stay Pacific Indemnity, the Plaintiffs' stated reason for staying

---

[2]After the hearing, the Plaintiffs and Colorado Casualty filed a Stipulated Motion for Voluntary Dismissal of Defendant Colorado Casualty Insurance Company, filed March 20, 2012 (Doc. 115)("Stipulation Colorado Casualty"). The Plaintiffs and Pacific Indemnity also filed a Stipulated Motion for Voluntary Dismissal of Defendant Pacific Indemnity Insurance Company, filed March 20, 2012 (Doc. 116)("Stipulation Pacific Indemnity"). Accordingly, the Plaintiffs need only respond to the two remaining motions to dismiss: the Desert Mountain Motion to Dismiss and the Travelers Motion to Dismiss.

briefing on the Motion for Summary Judgment is similarly no longer applicable -- the Court has decided the jurisdictional issues raised in the Motion to Remand that the Plaintiffs argue should be determined before any decisions on the merits.  See Motion to Stay Pacific Indemnity at 2.  The arguments supporting the Motion to Stay Pacific Indemnity are now moot.  Furthermore, the Plaintiffs will have adequate time to brief the issues raised in the Motion for Summary Judgment, as the Court has set a briefing schedule which does not require a response until April 18, 2012.  See Doc. 110.  Additionally, because the parties have filed the Stipulation Pacific Indemnity, the Motion to Stay Pacific Indemnity is now moot.  See Stipulation Pacific Indemnity at 1.  Accordingly, the Court will deny the Motion to Stay Pacific Indemnity.

**IT IS ORDERED** that: (i) Motion to Stay Briefing on Motion to Dismiss Pending Resolution of Motion to Remand, filed June 24, 2011 (Doc. 54), is denied; and (ii) the Motion to Stay Briefing on Defendant Pacific Indemnity Insurance Company's Motion for Summary Judgment or Extend Briefing Schedule Pending Resolution of Plaintiffs' Motion to Remand, filed October 28, 2011 (Doc. 87), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David J. Berardinelli
Santa Fe, New Mexico

      *Attorney for the Plaintiffs*

Andrew G. Schultz
R. Nelson Franse
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

-- *and* --

-6-

John M. Vaught
Sean D. Baker
Jason C. Astle
Wheeler Trigg O'Donnell LLP
Denver, Colorado

    *Attorneys for Defendant Amica Mutual Insurance Company*

Ann Maloney Conway
Keleher & McLeod, P.A.
Albuquerque, New Mexico

*-- and --*

Floyd P. Bienstock
Jon T. Neumann
Timothy M. Strong
Phoenix, Arizona

    *Attorneys for Defendant Metropolitan Property & Casualty Insurance Co.*

Robert A. Corchine
Miller Stratvert P.A.
Albuquerque, New Mexico

*-- and --*

Brian J. Spano
Jessica L. Fuller
Rothgerber, Johnson & Lyons, LLP
Denver Colorado

    *Attorneys for Defendant Colorado Casualty Insurance Company a subsidiary of Liberty Mutual Insurance Company*

James H. Johnson
Geoffrey D. White
Butt Thornton & Baehr, PC
Albuquerque, New Mexico

    *Attorneys for Defendant Pacific Indemnity Insurance Company*

Gary W. Larson
Hinkle, Hensley, Shanor & Martin, LLP
Santa Fe, New Mexico

*-- and --*

Gail L. Gottehrer
Thomas G. Rohback
Axinn, Veltrop & Harkrider LLP
Hartford, Connecticut

> *Attorneys for Defendant Travelers Insurance Company d/b/a The Travelers Home and Marine Insurance Company*

Thomas A. Simons, IV
Faith Kalman Reyes
Kelcey C. Nichols
The Simons Firm, LLP
Santa Fe, New Mexico

*-- and --*

Daniel V. Kohls
Hansen, Kohls, Jones, Sommer & Jacob, LLP
Roseville, California

> *Attorneys for Defendant Desert Mountain Agency*